**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**JOSHUA ROBERT GORDON,**

                  Plaintiff,                  1:05-CV-1313
                                                              (GLS/RFT)

        v.

**GREGG SANTOS and BOB**
**DENNIS, Saratoga Police**
**Officers,**

        Defendants.
_____

**APPEARANCES:**                      **OF COUNSEL:**

**FOR THE PLAINTIFF:**

JOSHUA ROBERT GORDON
Plaintiff, *Pro Se*
3578 Galway Road, Apt. 1
Ballston Spa, New York 12020

**FOR THE DEFENDANTS:**

MURPHY, BURNS LAW FIRM        THOMAS K. MURPHY, ESQ.
4 Atrium Drive
Executive Woods
Albany, New York 12205

**Gary L. Sharpe**
**U.S. District Judge**

## **MEMORANDUM-DECISION AND ORDER**

### **I. Introduction**

Plaintiff *pro se* Joshua Robert Gordon brings this action pursuant to 42 U.S.C. § 1983.  He specifically claims that his constitutional rights were violated as a pretrial detainee when he was exposed to high temperatures in a transport van.[1]  Pending is defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  *See Dkt. No. 20.*  For the reasons that follow, the motion is granted.

### **II. Procedural History**

On October 18, 2005, Gordon filed his complaint.  *See Dkt. No. 1.*  On June 7, 2006, defendants filed their motion to dismiss.  *See Dkt. No. 20.*  Gordon failed to file a response, despite an order from the court providing him fourteen additional days to do so.  *See Dkt. No. 21.*

### **III. Facts**

Gordon claims that on a 95 degree day, while he was being transported, defendant Santos set the van's heater to an intolerably high

---

[1] Gordon brings his claim under the Fourth Amendment.  "It is well-settled that plaintiff's constitutional rights as a pretrial detainee derive from the Due Process Clause of the Fourteenth Amendment." *Lewis v. Washington*, 95-CV-3789, 1996 WL 706916, at *3 (S.D.N.Y. Dec. 6, 1996) (citation omitted).  Construing the complaint liberally since Gordon is *pro se*, the court will analyze his claim under the Fourteenth Amendment.

2

level.  *See Compl., pp. 4-5; Dkt. No. 1.*  Gordon further contends that Officer Dennis did nothing to intervene or attempt to remedy the situation. *See id. at p. 5.*

## IV.  Discussion

### A.  Motion to Dismiss Standard

Rule 12(b)(6) provides that a cause of action shall be dismissed if a complaint fails "to state a claim upon which relief can be granted."  FED. R. CIV. P. 12(b)(6).  In other words, the court should dismiss the complaint pursuant to Rule 12(b)(6) if "it appears beyond doubt that the plaintiff can prove no set of facts in support of the complaint which would entitle him to relief."  *Twombly v. Bell Atl. Corp.*, 425 F.3d 99, 106 (2d Cir. 2005) (internal quotation marks and citation omitted).  "A court's task in ruling on a Rule 12(b)(6) motion is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof."  *AmBase Corp. v. City Investing Co. Liquidating Trust*, 326 F.3d 63, 72 (2d Cir. 2003) (internal quotation marks and citation omitted). Therefore, in reviewing a motion to dismiss, a court "must accept the facts alleged in the complaint as true and construe all reasonable inferences in [the plaintiff's] favor."  *Fowlkes v. Adamec*, 432 F.3d 90, 95 (2d Cir. 2005)

3

(citation omitted).

**B.     Analysis**

Defendants contend that Gordon has failed to allege facts sufficient to establish a constitutional violation.  As an initial matter, "[pretrial] detainees' challenges to the environmental conditions of their confinement are properly reviewed under the Due Process Clause of the Fourteenth Amendment, rather than the Cruel and Unusual Punishment Clause of the Eighth."  *Benjamin v. Fraser*, 343 F.3d 35, 49 (2d Cir. 2003).  "Accordingly, courts considering challenges by pretrial detainees must initially consider whether the challenged conditions are punitive."  *Id.* at 50*.*  However, "not every uncomfortable or disabling condition...can be considered punitive" in the constitutional sense.  *Id.*

Moreover, "the length of confinement cannot be ignored in assessing [the conditions] constitutionality."  *Lareau v. Manson*, 651 F.2d 96, 105 (2d Cir. 1981).  "Conditions unacceptable for weeks or months might be tolerable for a few days."  *Id.*  Furthermore, courts have declined to find a constitutional violation in instances where the plaintiff suffered no serious injury from an isolated occurrence that did not involve a substantial period of time.  *See Lewis v. Washington*, 95-CV-3789, 1996 WL 706916, at *3

4

(S.D.N.Y. Dec. 6, 1996) (defendant's failure to provide plaintiff with adequate winter clothing during a short car trip did not amount to a constitutional violation).

Here, Gordon has not alleged sufficient facts to establish a constitutional violation.  Even viewing the complaint in the light most favorable to Gordon, exposure to high temperatures in a transport van for fifteen to twenty minutes does not, in this case, constitute a violation of his rights.  While the court does not condone defendants' alleged failure to properly regulate the temperature of the transport van, it occurred during a short period with no injury which amounts to a constitutional violation. Accordingly, defendants' motion to dismiss is granted.

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that the defendants' motion to dismiss (**Dkt. No. 20**) is **GRANTED** and the complaint **DISMISSED IN ITS ENTIRETY**; and it is further

**ORDERED** that the Clerk of the Court provide copies of this Order to the parties.

**IT IS SO ORDERED.**

October 23, 2006
Albany, New York

_____
United States District Court Judge

6